UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KYLE MELONE, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON FULFILLMENT SERVICES, INC., LG ELECTRONICS U.S.A., INC., and KMG-IMPORTS, LLC, <br><br> Defendants. | C.A. NO. _____ |

## NOTICE OF REMOVAL

TO: **THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

Defendant Amazon Fulfillment Services, Inc. ("Amazon") hereby gives notice of the removal of the above-captioned matter from the Rhode Island Superior Court, Providence County, to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446. Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. In support of this Notice for Removal ("Notice"), Amazon states as follows:

### INTRODUCTION

1. Amazon is a defendant in a civil action filed in the Rhode Island Superior Court, Providence County, captioned *Kyle Melone v. Amazon Fulfillment Services, Inc., LG Electronics U.S.A., Inc., and KMG-Imports, LLC*, Civil Action No. PC-2018-1832.

2. Plaintiff brings this negligence, breach of warranty, fraud, and product liability action alleging that he was injured when lithium ion batteries used to power Plaintiff's electronic

cigarette spontaneously exploded in his pocket setting his shorts and leg on fire. (See Plaintiff's Complaint ("Compl.") at ¶ 21-26, attached hereto as Exhibit A). Plaintiff alleges that when he attempted to remove the batteries from his pocket and extinguish the flames, he burned his hands. (Id. at ¶ 27). Plaintiff alleges that as a result of the batteries exploding, he incurred "substantial medical bills" and "lost wages" and continues "to suffer physical pain and mental anguish." (Id. at ¶¶ 30-32).

3. The underlying action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Amazon pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship, the amount in controversy exceeds $75,000, Amazon's Notice was timely filed and venue is proper in this district.

## TIMELINESS OF REMOVAL

4. According to the docket, Plaintiff's Complaint was filed in the Rhode Island Superior Court, Providence County, on March 20, 2018 and Amazon was served with a Summons and Complaint on March 21, 2018. (Ex. 1). This Notice is filed within 30-days after receipt by Amazon of a copy of the Summons and Complaint in this matter and is, therefore, timely under 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

5. Plaintiff is a citizen and resident of Providence County, in the State of Rhode Island. (Ex. 1, Compl., at ¶ 1).

6. The defendants in this action are corporations and a limited liability company. A corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). For purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all of its members."

Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).

7. Amazon is a Delaware corporation with a principal place of business in the state of Washington. (Ex. 1, Compl., at ¶ 2). Amazon is a citizen of Delaware and Washington.

8. Defendant LG Electronics U.S.A., Inc. ("LG") is a Delaware corporation with a principal place of business in the state of New Jersey. (Id., at ¶ 3). LG is a citizen of Delaware and New Jersey.

9. Defendant KMG-Imports, LLC ("KMG") is a California limited liability company registered in California. KMG's members are citizens of California. (Id., at ¶ 4). KMG is a citizen of California.

10. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**AMOUNT IN CONTROVERSY**

11. Removal is proper if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1446(c)(2)(B). In a personal injury case, the allegations in the plaintiff's complaint concerning his or her injuries may be taken into account in judging whether there is a realistic prospect of a judgment exceeding the jurisdictional minimum. See, e.g., Stewart v. Tuperware Corp., 356 F.3d 335, 338 (1st Cir. 2004); Chin v. Holiday Cruises II, Inc., 141 F.R.D. 367 (D. Mass. 1992). Here, Plaintiff's Complaint alleges that Mr. Melone sustained burns to his hands and was hospitalized for multiple days as a result of the accident and that he continues "to suffer physical pain and mental anguish" as a result of his injuries. (Ex. 1, Compl., at ¶¶ 27-30). Plaintiff further allege that he has incurred "substantial medical bills" and "lost wages" as a result of the accident. (Id., at ¶¶ 31-32). Given the serious nature of Plaintiff's alleged injuries and that he could potentially recover in excess of $75,000, the amount in controversy exceeds $75,000. See Gabrielle v.

Allegro Resorts Hotels, 210 F. Supp. 2d 62 (D.R.I. 2002) (holding amount in controversy was satisfied based on the complaint's description of the plaintiff's injuries and medical treatment, despite the lack of any specific information about the cost of such treatment).

## VENUE

12. Removal shall be to the "district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a). The United States District Court for the District of Rhode Island is the federal judicial district encompassing the Rhode Island Superior Court, Providence County, where this action was originally filed and where Plaintiff's injury is alleged to have occurred. Therefore, venue is proper in this district under 28 U.S.C. § 1441(a).

## CONSENT AND JOINDER

13. Pursuant to 28 U.S.C. § 1446(b), LG and KMG consent to and join in this removal. LG's and KMG's consent is evidenced in the attached executed Notices of Consent to Removal. (*See* Exhibit 2).

## NOTICE OF REMOVAL

14. A copy of this Notice was filed with the Clerk of the Rhode Island Superior Court, Providence County, and served upon counsel of record for the Plaintiff and LG and KMG pursuant to 28 U.S.C. § 1446(d). (*See* Exhibit 3).

## STATE COURT RECORD

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendants, including the docket sheet and all documents filed in this case, are attached hereto as Exhibit 1.

16. Certified or attested copies of all records, proceedings and docket entries from the state court file will be filed with this Court within 14 days after filing this Notice pursuant to Local Rule 81(a).

WHEREFORE, Amazon prays for the removal of the above-captioned matter from the Providence County Superior Court, State of Rhode Island, to the United States District Court for the District of Rhode Island.

AMAZON FULFILLMENT SERVICES, INC.

By its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

/s/ Christopher R. Howe
Christopher R. Howe (Bar #7629)
chowe@campbell-trial-lawyers.com
One Constitution Plaza, 3rd Floor
Boston, MA 02129
Tel: (617) 241-3000
Fax: (617) 241-5115

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, attorney for defendant Amazon.com, Inc., hereby certify that on April 20, 2018, the foregoing Notice of Removal was electronically filed with the Court using the Court's electronic filing system (ECF), which will send notice of such filing to all counsel of record. The foregoing document was also served by first class mail, postage pre-paid, on all parties of record.

/s/ Christopher R. Howe
Christopher R. Howe
